UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MERCER,

               Plaintiff,

-against-

WESTCHESTER MEDICAL CENTER,

               Defendant.

21-CV-2961 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action, alleging that Defendant violated his rights under the False Claims Act, 31 U.S.C. § 3729. By order dated May 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are taken from the complaint. On March 1, 2021, Plaintiff was admitted to Westchester Medical Center's Behavioral Health Center. On March 15, 2021, a Westchester Medical Center staff member informed Plaintiff that his "involuntary status" had expired, and in order to "switch over to voluntary status," Plaintiff would need to sign a "notice of status" form. (ECF 2, at 1.) The staff member explained that in order to be discharged, Plaintiff must "receive an outpatient appointment by law, when the hospital can find a[n] outpatients program that accepts [Plaintiff's] medical insurance." (*Id.*) The staff member further explained that

> by signing a notice of status . . . it would change the plaintiff to voluntary status
> and would allow the plaintiff to write what the Westchester Medical Center refers

2

> to as a 72 hour Notice, allowing the plaintiff the ability to discharge himself by
> giving notice to the hospital stating that the plaintiff is ready to be discharged."

(*Id.*)

Later in the afternoon on March 15, 2021, Plaintiff submitted a "72 hour Notice" to a hospital representative and asked for a copy of the "notice of status" that he had signed earlier in the day. (*Id.* at 2.) When Plaintiff reviewed the notice of status that he had signed, he discovered that what he understood to be the 72-hour notice "did not apply to the patients or the plaintiff," but instead gave the director of the hospital "72 hours to apply to the courts in order to keep a misbehaved patient for 120 days while on involuntary status." (*Id.*) Plaintiff also noticed that the form included the following language:

> [W]hile on voluntary status you may at any time notify the hospital staff in writing if you would like to be discharged upon such notification you will promptly be released unless the director thinks that you meet the requirements for involuntary admission and that you therefore need to stay in which case he or she has 72 hours to ask a court for an order to keep you in the hospital."

(*Id.*) Plaintiff then realized that "the court order to keep the plaintiff would have to be submitted and approved before the notice to be discharged was submitted. (*Id.*)

Plaintiff asserts that the information the hospital staff member previously provided to him "misrepresented" the facts and constituted "false statements as referred to in the [F]alse [C]laims [A]ct." (*Id.*) Plaintiff alleges that he was discharged on March 17, 2021, "two days longer then [sic] the document [he] signed required," and that as a result, he suffered "mental anguish and post-traumatic stress disorder." (*Id.*)

Plaintiff sues Westchester County Medical Center. He seeks $2 billion in damages and "a civil penalty up to" $10,000. (*Id.* at 3.)

3

**DISCUSSION**

**A.     The False Claims Act (FCA)**

The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit under the FCA may be brought by either the federal government or by a private person, or "relator," who sues for the United States in a *qui tam* action. 31 U.S.C. § 3730(a), (b)(1). *Pro se* litigants, however, lack statutory standing to bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."); *Klein v. City of New York*, ECF 1:10-CV-9568, 63, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012) ("[A] *pro se* plaintiff[] lacks standing as a relator in a qui tam action pursuant to the FCA.").

Because Plaintiff, as a *pro se* litigant, lacks standing to assert his *qui tam* claims under the FCA, the Court dismisses those claims for lack of statutory standing under the FCA.

**B.     State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's *qui tam* claims under the FCA for lack of statutory standing.

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 7, 2021
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge